```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AGNES RIVERA-UMPIERRE,

                          Plaintiff,                        22-cv-1667 (PKC)

          -against-                                         ORDER

BKH ACQUISITION HOLDCO I, LLC
and BKH ACQUISITION CORP.,

                          Defendants.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

        On February 13, 2023, this Court issued an Order to show cause why this action ought not be dismissed for, among other reasons, the failure to comply with Orders of this Court (the "February 13 Order to Show Cause"). (ECF 18.) The February 13 Order to Show Cause cited the Court's Order of March 8, 2022 (the "March 8 Order"), and the Order of April 19, 2022, extending the date for complying with the March 8 Order (the "April 19 Order"). (Id.) Plaintiff has responded in two submissions discussed herein. (ECF 19; ECF 32.) This Order explains the Court's reasons for dismissing the action with prejudice.

The Court's Orders and the Subsequent History of the Action

        On March 8, 2022, shortly after the action was commenced, this Court entered an Order noting that plaintiff had invoked subject matter jurisdiction by reason of diversity of citizenship but had failed to allege the citizenship of constituent members of the defendant BKH Acquisition Holdco I, LLC, a limited liability company (the "defendant LLC"). (ECF 7.) The Order pointed out the specific deficiencies in the jurisdictional allegations, how they might be cured, cited controlling precedent and Ordered as follows: "Within 30 days of this Order,

1

plaintiff shall amend the complaint to allege the citizenship of each of the constituent members of the defendant LLC, or the action will be dismissed for lack of subject matter jurisdiction." (Id. at 2.)

Plaintiff sought an extension of its time to comply with the Order citing a "vacation in the state of Utah" and the failure to serve defendants. (ECF 9.) On April 19, 2022, the Court ruled on the application: "Time to comply with the Order of March 8, 2022 extended to May 4, 2022." (ECF 10.)

No amended complaint was filed by May 4, 2022, and no request for a further extension of the May 4, 2022 deadline was made prior to its expiration.

A month after the extended deadline had expired, plaintiff filed a written motion for an extension of the time to serve the summons. (ECF 11.) Plaintiff made no mention in its motion of its failure to comply with the March 8 Order. No mention was made of jurisdictional discovery. No extension was sought for compliance with the now expired May 4 deadline.

In a written Order of June 9, 2022, (the "June 9 Order"), the Court granted plaintiff until September 16, 2022, to serve process and denied without prejudice her application for service by alternate means. (ECF 12.) There was a brief telephone conference on June 9 and plaintiff's counsel notes that "during the [conference on] June 9th, 2022, this Honorable Court did not reiterate to the Plaintiff the warning that it would dismiss the case pursuant to its March 8th, 2022 Court Order. (See Docket 12)." (ECF 32 at 4.) The statement is correct as far as it goes. The March 8 Order was simply not mentioned directly or indirectly at the conference, in the minute entry, in the plaintiff's written motion or in the Court's June 9 Order. Any suggestion to the contrary is not true.[1]

---

[1] Plaintiff's March 28, 2023 submission claims that the Court "extended time for the Plaintiff to personally to execute the summons, complaint and the jurisdictional written discovery requests on the Defendant." (ECF 32 at 4.)

2

Months went by with nothing but silence from the plaintiff until she moved to amend her complaint on January 27, 2023. (ECF 14.) In that filing, plaintiff did not mention that she had failed to comply with the March 8 Order and missed the May 4 deadline set in the April 19 Order.

Perhaps the most disturbing aspect of the January 27, 2023 filing is that more than ten months after the March 8 Order and more than eight months after the extended deadline for compliance with the March 8 Order, plaintiff annexed a proposed amended pleading that brazenly repeated the same defective jurisdictional allegations. (ECF 14-1 ¶ 18.) In a response, defendants pointed out that three members of BKH Acquisition Holdco I, LLC were citizens of Florida, the same state as plaintiff. (Pittaway Decl. ¶¶ 2, 4 (ECF 15-2).) Thus, there had never been subject matter jurisdiction at the time of filing of the complaint nor in the more than ten months since then.

The January 27 draft further flouted the March 8 Order by seeking to add as an additional defendant Ambrosia PR Holdco, LLC, without alleging the citizenship of the members of that LLC. (ECF 14-1 ¶ 19; see March 8 Order ("Where a complaint premised upon diversity of citizenship names a limited liability company as a party, the complaint must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company.").)

---

But plaintiff offers no explanation why a request relating to "jurisdictional written discovery" was absent from the plaintiff's written motion, (ECF 11), plaintiff's proposed order, (ECF 11-2), the Court's Order, (ECF 12) and the Minute Entry for June 9, 2022. The Court never ordered plaintiff to serve jurisdictional interrogatories. The March 8 Order permitted their use. The interrogatories were permissible and not mandatory because the Court had no way of knowing if plaintiff had alternate sources of information such as pre-litigation communications with the defendants, filings in other litigations or other public documents.

On February 13, 2023, this Court issued an Order to Show Cause in writing by February 24 why the action ought not be dismissed without prejudice for lack of subject matter jurisdiction for failure to allege the citizenship of the members of the defendant LLC or, alternatively, with prejudice for failure to comply with prior Orders of this Court. (ECF 13.) Plaintiff was given to the same date to file a reply on its motion to amend. (Id.)

Plaintiff, by her counsel, filed a document that was confusingly styled as "MOTION TO SHOW CAUSE FOR FAILURE TO COMPLY WITH ORDERS, REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO AMEND COMPLAINT, SECOND MOTION TO AMEND THE COMPLAINT TO DISMISS THE LLC DEFENDANTS AND TO INCLUDE NEW CLAIMS, MOTION TO REQUEST STATUS CONFERENCE." (ECF 19.)

Because plaintiff's violation of the March 8 Order is indisputable, has created a substantial delay, and was the subject of a warning that the consequence of noncompliance would be dismissal, and after weighing the other factors under the Second Circuit's five factor test, the Court will dismiss the action pursuant to Rule 41(b), Fed. R. Civ. P.

DISCUSSION

Dismissal for failure to comply with a court order is considered "a 'harsh remedy' that should 'be utilized only in extreme situations.'" Lewis v. Rawson, 564 F.3d 569, 575-76 (2d Cir. 2009) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). In weighing dismissal, the Court should consider whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a

day in court; and (5) the [Court] adequately assessed the efficacy of lesser sanctions." U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004). "[N]one of the five factors is separately dispositive . . . ." LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001).

The Delay Is of Significant Duration. Plaintiff's defiance of the March 8 Order has resulted in significant delay. Initially, plaintiff filed a pleading with deficient jurisdictional allegations. In the Court's March 8 Order, she was given 30 days to correct them. The Court granted plaintiff's request to extend the date for compliance from April 7 to May 4, 2022. The required amended pleading was not filed by May 4 and no further extension was sought. Eventually, a submission was made on January 27, 2023, that, in open defiance of the Court's original March 8 Order, failed to correct the jurisdictional defects in alleging that plaintiff's citizenship was diverse from BKH Acquisition Holdco I, LLC and added a second LLC as a defendant without the proper jurisdictional allegations. Plaintiff's inactions and defiance of the Court's March 8 Order has led to a delay of over eight months, measured from the adjourned compliance date of May 4, 2022, to January 27, 2023. And, as noted, the belated submission of January 27 did not make any attempt to cure the jurisdictional deficiencies but only compounded them by purporting to add a second LLC with the same jurisdictional deficiencies. The delay has been substantial.

The delay is likely to continue. Plaintiff has filed a second motion to amend, this time dropping the originally named defendant LLC and the proposed new defendant LLC. (ECF 19.) Artfully, the new pleading is described as "Plaintiff's modified First Amended Complaint." (ECF 19 ¶ 21.) The defendant has pointed out that the modified proposed amendment asserts that BKH Acquisition Holdco I, LLC wrongfully sold its interest in BKH

5

Corp. to Ambrosia PR Holdco, LLC; it seeks injunctive relief relating to the sale which makes the two LLCs indispensable parties who may not be dropped to avoid a defect in diversity jurisdiction.  (ECF 29 at 4.)  Instead of meeting the argument head on, plaintiff makes the conclusory assertion that the two LLCs are "dispensable parties" and asks the Court "to allow jurisdictional discovery to continue based on the Plaintiff's modified First Amended Complaint" and to conduct "an evidentiary hearing."  (ECF 32 ¶¶ 34-35, 39.)  The substantial delay will continue as an outgrowth of the noncompliance with the March 8 Order.  This factor counsels in favor of dismissal.

<u>Plaintiff Was on Notice that Dismissal Would Be the Consequence of Failure to Comply with the March 8 Order</u>.  Plaintiff was given due notice of the consequence of a failure to comply with the March 8 Order.  The March 8 Order explicitly warned that dismissal was the consequence of noncompliance: "Within 30 days of this Order, plaintiff shall amend the complaint to allege the citizenship of each of the constituent members of the defendant LLC, or the action will be dismissed for lack of subject matter jurisdiction."  Further, the Court's February 13 Order to Show Cause required plaintiff to "show cause in writing why the action ought not be dismissed without prejudice for lack of subject matter jurisdiction for failure to allege the citizenship of the members of the defendant LLC or, alternatively, with prejudice for failure to comply with prior Orders of this Court."  In its response to the February 13 Order to Show Cause, plaintiff has not adequately explained her failure to comply by the May 4, 2022 deadline.  While she seeks to lay the blame at the feet of the defendants because settlement discussions failed, she has made no attempt to explain why she did not seek any extension for compliance before the date expired or immediately thereafter.  By failing to adequately explain

6

the gap between May 4, 2022, and January 27, 2023, plaintiff failed to respond to the February 13 Order to Show Cause, the explicit stated consequence of which would be dismissal.

This factor tilts in favor of dismissal.

<u>Defendants Have Been Prejudiced and Are Likely to be Subjected to Further Prejudice from Delay</u>.  Because the delay was lengthy and inexcusable, the possibility of prejudice may be presumed.  <u>Norden Systems</u>, 375 F.3d at 256.  Much of the potential prejudice comes from the possible loss of electronically stored information in the hands of third parties who may not have notice of the action and the inaccuracy that invades memories after the passage of time.  Detours unrelated to the merits and caused by plaintiff's inability or unwillingness to comply with the March 8 Order by May 4 would further prejudice defendants. This factor supports dismissal.

<u>The Need to Alleviate Court Calendar Congestion Was Carefully Balanced Against Plaintiff's Right to an Opportunity for a Day in Court</u>.  The Court cannot say how this or any other civil case materially contributes to calendar delay except to note that this case has already resulted in the issuance of 7 Orders of the Court, including this one.  (ECF 7, 10, 12, 18, 20, 31.)[2]  The need to address this serious matter in this Order has taken the time of this Court that could be utilized better on important sentencing decisions, compassionate release applications and expediting rulings in pressing civil matters.  Ms. Rivera-Umpierre was entitled to her day in court but she (or her selected counsel) has not complied with this Court's Orders and has delayed the litigation by prolonged silences and endeavored to excuse the delays by attributing them to failed negotiations when there was no request made for an adjournment.  This factor is evenly balanced.

---

[2] The Court has not counted among them Orders setting the initial conference and the approval of an attorney's withdrawal.

7

The Efficacy of Lesser Sanctions. Finally, the Court has considered whether lesser sanctions would likely be efficacious. Plaintiff knew, as of the clearly worded March 8 Order, tailored to the particulars of this case, that the failure to comply with the Order in the time limit provided would result in dismissal. Noncompliance in the face of an explicit warning of dismissal strongly suggests that a lesser sanction would not be efficacious.

Plaintiff's lack of candor and forthrightness reinforces the conclusion that dismissal is the proper remedy. After failing to comply with the May 4 deadline, plaintiff made a written ex parte application to the Court for an extension of time to serve process and for an order permitting alternative means of serving process. (ECF 11.) This was a month after the May 4 deadline had passed. But in the ex parte application, plaintiff did not breathe a word about plaintiff's failure to comply with the March 8 Order and the April 19 Order setting the May 4 deadline. This omission from an ex parte application was improper and likely a violation of the New York Rules of Professional Conduct. See Rule 3.3(d), N.Y. Rules of Professional Conduct ("In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse."). The failure to comply with the March 8 Order was highly material because at the moment of filing the June 3 ex parte application, the jurisdictional allegations remained deficient and, as subsequent events have shown, the Court lacked subject matter jurisdiction at that time. (See Pittaway Decl. ¶¶ 2, 4 (ECF 15-2).) When plaintiff moved on January 27, 2023 (this time on notice to the opposing party), her counsel again remained silent about the March 8 Order and the missed May 4 deadline submitting a proposed amended complaint that repeated the same deficiencies noted in the March 8 Order. (ECF 14; ECF 14-1

¶ 18.) Opposing counsel pointed out the failure to comply with the March 8 Order and the continuing jurisdictional defects.

The Court has specifically considered whether a dismissal without prejudice would be a proper and adequate sanction. Because of the ability to refile, it would amount to no more than requiring plaintiff to pay a second $400 filing fee plus the cost of service of process, a sanction that lacks teeth, prejudices the defendants, continues plaintiff's dilatory tactics and is essentially a non-sequitur to the continued disobedience of a Court Order over an extended period of time. Plaintiff's longstanding disobedience of the March 8 Order did not require defendants to incur additional attorneys' fees until January 27, 2023, and thus an award of attorneys' fees would be a weak deterrent. An evidentiary sanction has no applicability to the circumstances presented. This factor favors dismissal.

CONCLUSION

Considering and balancing the five factors leads the Court to conclude that dismissal of this action with prejudice pursuant to Rule 41(b) is the proper remedy for the willful and prolonged disobedience of the March 8 Order.

The action is dismissed with prejudice. The Clerk shall terminate the open motions (ECF 14; ECF 19) and enter final judgment for the defendants.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 4, 2023